IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50936
Summary Calendar
_____


DAVID COREY,

                                    Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA;
BUREAU OF PRISONS;
RUDY FRANCO,

                                    Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-96-CV-301
- - - - - - - - - -
September 5, 1997
Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges

PER CURIAM:[*]

        David Corey, federal prisoner # 09177-051, appeals the

judgment of the district court granting the defendants' motion to

dismiss.  We find no merit to Corey's argument that Warden Franco

and prison officials were deliberately indifferent to his medical

needs in his work assignment in violation of the Eighth

Amendment.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Corey's sole statutory remedy against the government for work-related injury is under the Inmate Accident Compensation Act, 18 U.S.C. § 4126. As to the constitutional claim against the federal actors pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), Corey has not alleged facts to state a claim against Warden Franco in his supervisory capacity. See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Further, his claims against medical and factory personnel in their official capacities are also unavailing because the officials are protected by sovereign immunity. See Williamson v. United States Dep't of Agric., 815 F.2d 368, 380 (5th Cir. 1987).

Corey has not demonstrated exceptional circumstances that would warrant the appointment of counsel. The district court did not abuse its discretion in declining to appoint counsel in this civil action. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Equally unavailing is Corey's argument that he was deprived of a hearing pursuant to Spears v. McCotter, 766 F.2d 179, 182 (5th Cir. 1985). The facts in the complaint were well-developed, and Corey's complaint was not dismissed as frivolous. See Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

Accordingly, the judgment of the district court is AFFIRMED.